# IN RE MYGATT.

PATENTS; DESIGNS; INVENTION; PATENTABILITY.

1. No invention is involved in the mere substitution of parallel ribs or
   prisms for spiral ones in a shade or reflector design; and the result
   of such substitution is properly denied a design patent.
2. A claim for a design patent in prism glass shades or reflectors, in no
   sense referring to the design of the shade or reflector, but refer-
   ring to the manner in which the light is distributed, relates to the
   mechanical function of the shade or to the results attained, and not
   to its ornamentation; and mere result or mechanical function in a
   device of this sort is not patentable. (Distinguishing *In Re Mygatt*,
   26 App. D. C. 366.)

No. 782.   Patent Appeals.   Submitted November 12, 1912.   Decided De-
                       cember 30, 1912.

HEARING on an appeal from a decision of the Commissioner
of Patents, rejecting an application for a patent.   *Affirmed.*

*Mr. F. B. Brock* for the appellant.

*Mr. R. F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant Otis A. Mygatt appeals from a decision of the
Commissioner of Patents, refusing to grant a patent for a shade
or reflector design.   It is described in the application as follows:
"My design consists of a deep bowl-shaped shade or reflector
having a gently curved convex surface.   The outer surface is
covered with prisms lying in the planes of the axis of the shade;
the inner surface is smooth, the prisms showing through the
inner surface.   A principal characteristic of this special shape

or bowl-like reflector is that when viewed from beneath, it appears less brilliant to the eye immediately and vertically underneath than at some distance from the vertical. This cannot, of course, be shown in a drawing, but it is a feature of the effect on the eye of the special shape of prism glass shade herein shown and described."

The application was rejected by each of the tribunals of the Patent Office upon reference to a former patent granted to appellant, in which ribs or prisms are shown running parallel to the axis of the shade and tapering in size, increasing from the top portion or small opening of the shade downward to the lower portion or large opening. Reference is also made to a shade appearing in a public catalogue of the Phœnix Glass Company, of Pittsburg, Pennsylvania, and New York, New York, in which the shade in outline is similar to that of appellant's, except that the ribs or prisms extend spirally from top to bottom around the shade, instead of parallel to its axis. In respect of this reference, it was held, and we think properly, that it does not require invention to substitute the parallel for the spiral ribs or prisms.

Counsel for appellant has devoted much time in brief and argument to the alleged error of the Commissioner in refusing to direct the examiner to admit the following claim: "The herein described design for a reflector or similar article, characterized by the fact that it presents the ornamental appearance of concentric contrasting zones of light, the annular outer band-zone of light surrounding the inner central disk-zone of light, being relatively very brilliant, and the inner disk-zone relatively dull, when viewed from its wider open end, substantially as shown and described."

Appellant urges consideration of this claim upon the authority of the case of Re Mygatt, 26 App. D. C. 366. The claim before us is distinguishable from the one there under consideration, which, from reference to the record, was as follows: "The ornamental design for reflector composed of transparent glass having a top collar, the upper external portion being frosted, the interior thereof smooth, the lower exterior portion being cov-

ered with radial prisms, and the interior with prisms arranged in concentric circles, and the lower edge beaded." This claim specifically described the design for the reflector or the features. which composed the ornamentation, the thing for which appli-- cant was seeking a patent. This was the view taken by the court in its opinion, as follows: "The claim presented in the case at bar sets out the salient features of the design. It gives. due notice to the public as to what the applicant claims as his. invention. It may be that it unnecessarily limits applicant's monopoly, but he evidently thinks not, and, in the absence of any pertinent reference, the claim, we think, is allowable. A. description in accordance with the claim should be permitted."

Appellant's claim in no sense refers to the design of the re- flector, but rather to the results attained, the manner in which. the light is distributed. In other words, as held by the Com-- missioner, it "relates to the mechanical function of the shade,. and not its ornamentation." Mere result or mechanical func- tion in a device of this sort is not patentable.

The decision of the Commissioner of Patents is affirmed, and. the clerk is directed to certify these proceedings as by law re- quired. *Affirmed.*